24-1962
Canales-Canales v. Bondi

BIA
A209 228 323/324

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand twenty-five.

PRESENT:
  MICHAEL H. PARK,
  BETH ROBINSON,
  MYRNA PÉREZ,
   *Circuit Judges.*
_____

RUTH ELIZABETH CANALES-CANALES, Y.D.T.-C.*,
  *Petitioners*,

  v.          **24-1962**

              **NAC**

PAMELA BONDI, UNITED STATES

_____

* We use only initials to refer to the minor petitioner in this publicly accessible order, in accordance with Fed. R. Civ. P. 5.2(a)(3) and Fed. R. App. P. 25(a)(5).

**ATTORNEY GENERAL,**
        *Respondent.*

_____

**FOR PETITIONERS:**     Rosemarie A. Barnett, Law Office of Rosemarie Barnett, PLLC, Freeport, NY.

**FOR RESPONDENT:**     Yaakov Roth, Acting Assistant Attorney General, Civil Division; Sarah A. Byrd, Allison Frayer, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ruth Elizabeth Canales-Canales and her minor son, natives and citizens of El Salvador, seek review of a June 21, 2024, decision of the BIA denying their motion to reopen to reapply for asylum and withholding of removal. *In re Ruth Elizabeth Canales-Canales, et al.*, Nos. A 209 228 323/324 (B.I.A. June 21, 2024). We assume the parties' familiarity with the underlying facts and procedural history.

2

Movants seeking to reopen removal proceedings may file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Canales-Canales's 2023 motion to reopen was untimely because she filed it over three years after the final administrative decision.

The time limit does not apply, however, if the motion is filed to apply for asylum or withholding of removal "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). "When reviewing whether . . . evidence established changed country conditions, the BIA must 'compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'" *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quoting *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007)). "Change that is incremental or incidental does not meet the regulatory requirements for late motions of this type." *In re S-Y-G-*, 24 I. & N. Dec. at 257. We review the denial of

a motion to reopen for abuse of discretion and a country conditions determination for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).

We find no error in the BIA's analysis. Canales-Canales's change in personal circumstances based on the birth of a child in the United States does not satisfy the exception. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir. 2006). And substantial evidence supports the BIA's conclusion that Canales-Canales failed to show changed country conditions. In particular, Canales-Canales did not submit evidence of country conditions at the time of her merits hearing in 2018, and the evidence she attached to her motion to reopen, including the 2022 State Department Report, does not demonstrate a material worsening of gang violence from 2018 to 2022. *See Tanusantoso*, 962 F.3d at 698. For example, the State Department Report cites credible reports of significant human rights issues, including a "lack of investigation and accountability for gender-based violence," but it does not comment on whether that problem is new or worsening. Certified Administrative Record at 63. To the extent Canales-Canales relied on the 2022 Human Rights Watch Report's documentation of worsening conditions *between*

4

*2003 and 2021*, that evidence does not show a change in conditions between *2018* and 2021. The documented change was well underway by the time of her 2018 hearing, and the report reflects that the homicide rate peaked in 2015. *Id.* at 105 (2022 Human Rights Watch Report). Substantial evidence thus supports the BIA's determination that Canales-Canales has not demonstrated changed country conditions.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court